IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ERIC DONNELL SAUNDERS, # 53095,

    Petitioner,

v.                                                                                                       Civil Action No. 2:21cv575

COMMONWEALTH OF VIRGINIA,

    Respondent.

**FINAL ORDER**

    Before the Court is a Petition for a Writ of *Habeas Corpus* filed pursuant to 28 U.S.C. § 2254 (ECF No. 1) and the Respondent's Motion to Dismiss (ECF No. 9). In his Petition, the *pro se* Petitioner alleges a violation of federal rights pertaining to his state criminal probation violation hearing held on November 27, 2018, in the Circuit Court for the County of Southampton ("Trial Court") "to determine whether [Petitioner] violated the terms of his conditional release as a sexually violent predator and if so, whether [Petitioner] remains suitable for conditional release under the Code of Virginia § 37.2-913." (Report & Recommendation at 2-3, ECF No. 16.) As a result of the hearing, the Trial Court "found by clear and convincing evidence that Petitioner violated the conditions of his release, and that his violation of his conditions rendered him no longer suitable for conditional release." (*Id*. at 3.)

    The Petition was referred to a United States Magistrate Judge for report and recommendation pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Local Civil Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Magistrate Judge's Report and Recommendation ("R&R"), filed August 19, 2022, recommends

dismissal of the Petition with prejudice. (*Id*. at 27.) The parties were advised that they could file specific written objections to the R&R within fourteen days from the date it was forwarded, but no objections were filed, and the time for doing so has now expired. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

The Court has reviewed the R&R and finds no clear error on the face of the record. Accordingly, the Court hereby **ADOPTS** and **APPROVES** the findings and recommendations set forth in the Report and Recommendation filed August 19, 2022. It is, therefore, **ORDERED** that the Respondent's Motion to Dismiss (ECF No. 9) is **GRANTED**, and that the Petition (ECF No. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**.

Finding that the basis for dismissal of Petitioner's § 2254 petition is not debatable, and alternatively finding that Petitioner has not made a "substantial showing of the denial of a constitutional right," a certificate of appealability is **DENIED**. 28 U.S.C. § 2253(c); *see* Rules Gov. § 2254 Cases in U.S. Dist. Cts. 11(a); *Miller-El v. Cockrell*, 537 U.S. 322, 335–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–85 (2000).

Petitioner is **ADVISED** that because a certificate of appealability is denied by this Court, he may seek a certificate from the United States Court of Appeals for the Fourth Circuit. Fed. Rule App. Proc. 22(b); Rules Gov. § 2254 Cases in U.S. Dist. Cts. 11(a). If Petitioner intends to seek a certificate of appealability from the Fourth Circuit, he must do so **within thirty (30) days** from the date of this Order. Petitioner may seek such a certificate by filing a written notice of appeal with the Clerk of the United States District Court, United States Courthouse, 600 Granby

Street, Norfolk, Virginia 23510.

      The Clerk shall forward a copy of this Final Order to Petitioner Saunders and to counsel of record for the Respondent.

      It is so **ORDERED**.

                                      /s/
                              Roderick C. Young
                              United States District Judge

Richmond, Virginia
Date: September 15, 2022